UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOHN ALVIN BECK,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )    Civil Action No. 17-2488 (TSC)
                                    )
UNITED STATES GOVERNMENT, *et al.*, )
                                    )
                Defendants.         )
_____ )

## **MEMORANDUM OPINION**

This matter is before the court on Defendants' Motion to Dismiss (ECF No. 16). For the reasons discussed below, the court grants the motion.

### I. BACKGROUND

The Smithsonian Institution is an independent trust instrumentality of the United States. *See* 20 U.S.C. § 41. Its Board of Regents is the governing body, *see* 20 U.S.C. § 42(a), to which Secretary David J. Skorton reports, *see* 20 U.S.C. § 46. A special police force protects Smithsonian buildings and grounds, including museums on the National Mall. *See* 40 U.S.C. §§ 6301(1)(A), 6306. Smithsonian Directive 405 sets forth the policies and procedures by which the Smithsonian's Office of Protection Services ("OPS") may bar a person from entering Smithsonian buildings and grounds for having engaged in prohibited conduct. (Mem. of P. & A. in Support of Defs.' Mot. to Dismiss ("Def.'s Mem."), Ex. A (Smithsonian Directive 405, dated July 19, 2012) at 1-2.)

On September 29, 2017, OPS issued Plaintiff a barring notice, which explained:

1

> For over 10 years, you have engaged in a campaign to draw attention to what you have characterized as the systematic slaughter of innocent animals at Cornell University. Your campaign has included placing advertisements in local New York papers and erecting signage on your property. In addition, you sued Cornell for dismissing you from employment. Your campaign has included hostile accusations against Dr. Skorton, Cornell's former president. Since Secretary Skorton's appointment at the Smithsonian, you have sent correspondence to the Smithsonian multiple times accusing Dr. Skorton of crimes and violence. The tone of your letters has been hostile.
>
> You have been observed at the Smithsonian on at least three occasions this summer and fall asking for the location of the Secretary's office, despite having no business to conduct with the Smithsonian. Most recently, on September 26, 2017, you were present at the Smithsonian castle and inquired about the location of the Secretary's office and his phone number. When asked the nature of your business with the Secretary, you raised your voice then told the officer to disregard your inquiry. You indicated that you had attended school with the Secretary, but refused to leave any contact information.
>
> Because of your long-standing record of hostility towards Secretary Skorton, your repeated recent attempts to locate his office, and the confrontational and evasive behavior you displayed on Smithsonian grounds, you are hereby denied admission to [Smithsonian] buildings [and] grounds [on the National Mall in Washington, D.C.] through September 30, 2018.

(Compl., Ex. (Barring Notice) at 1-2.) The notice advised Plaintiff that if he failed to obey it, he would be arrested and charged with unlawful entry. (*Id.*, Ex. at 1.)

Plaintiff alleges that Secretary Skorton has "violated [his] constitutional rights by refusing and denying [him his] rights to visit national treasures on United States of America Government Property . . . under threat of arrest and incarceration." (*Id.* at 3 (page numbers designated by ECF).) Plaintiff denies ever having been in Washington, D.C., and ever having any interest in Secretary Skorton. (*See id.* at 5.) He regards the "advertisements that [he] placed in local papers" and "signage [he has] lawfully erected on [his] property" as exercises of rights to

2

freedom of the press and freedom of speech. (*Id*. at 3.[1]) Plaintiff asks this court "to give [him] his] constitutional rights back and damages." (*Id*. at 4; *see* Ans. to Defs.' Mot. to Dismiss at 5.)

II. DISCUSSION

*A. Dismissal Under Rule 12(b)(1)*

Defendants first move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) on the ground that this court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction, *see Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In response to a defendant's motion to dismiss a complaint for lack of subject matter jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). In evaluating a motion to dismiss under Rule 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged [.]'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

"It is elementary that 'the United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting

---

[1] Plaintiff erected six signs on his property, and describes them as "four - four feet by sixteen feet and two four feet by eight feet in size displayed on a major highway." (Ans. to Defs.' Mot. to Dismiss at 3 (page number designated by ECF).)

*United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Sovereign immunity extends to government agencies and to their employees sued in their official capacities. *See Meyer*, 510 U.S. at 483-86; *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984) ("Sovereign immunity . . . bar[s] suits for money damages against officials in their *official* capacity absent a specific waiver by the government.").

The Federal Tort Claims Act ("FTCA") is such a waiver of sovereign immunity. Subject to certain imitations set forth in 28 U.S.C. §§ 2671-80, a federal district court has jurisdiction over "claims against the United States, for money damages . . . , for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government" while the employee was "acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1); *see Meshal v. Higgenbotham*, 804 F.3d 417, 428 (D.C. Cir. 2015) (noting that Congress deemed "the FTCA . . . the exclusive remedy for federal officials sued for 'scope-of-employment' torts").

For purposes of this discussion, the court presumes, without deciding, that Plaintiff articulates viable First Amendment claims for which he demands money damages against the United States, the Smithsonian Institution and Secretary Skorton in his official capacity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and the Smithsonian Institution is a federal agency for purposes of the FTCA, *see Expeditions Unlimited Aquatic Enters., Inc. v. Smithsonian Inst.*, 566 F.2d 289, 296 (D.C. Cir. 1977); *Girdler v. United States*, 923 F. Supp. 2d, 168, 186 (D.D.C. 2013).

Plaintiff's FTCA claim fails for two reasons. "First, he does not assert that he has exhausted necessary administrative remedies under the FTCA, which is a mandatory prerequisite to bringing such a claim in court." *Epps v. U.S. Attorney General*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008) (citing *GAF Corp. v. United States*, 818 F.2d 901, 904-05 (D.C. Cir. 1987)). Second, even if Plaintiff had exhausted his administrative remedies, the FTCA does not waive the government's immunity for a constitutional tort. *See Meyer*, 510 U.S. at 477-78; *Epps*, 575 F. Supp. 2d at 238; *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1317 (D.D.C. 1985). Therefore, the court must dismiss for lack of subject matter jurisdiction Plaintiff's constitutional tort claims against the United States, the Smithsonian and Secretary Skorton in his official capacity.

### B. Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" and "the grounds for the court's jurisdiction" so that a defendant has fair notice of the claim and the ground upon which it rests. Fed. R. Civ. P. 8(a); *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing cases). Rule 12(b)(6) permits a defendant to move for dismissal on the grounds that the complaint has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion

to dismiss. *Iqbal*, 556 U.S. at 678. In addition, the presumption of truth accorded factual allegations at this stage does not apply to a plaintiff's legal conclusions in the complaint, including those "couched" as factual allegations. *Id.* (quoting *Twombly*, 550 U.S. at 555).

1. Claim Under 42 U.S.C. § 1983 Against the United States, Smithsonian Institution, and Secretary Skorton in his Official Capacity

Section 1983 provides a remedy where a person acting under color of state or District of Columbia law deprives a plaintiff of his Constitutional rights. 42 U.S.C. § 1983. Although a municipality may be held liable under the statute for injury suffered as a direct result of its unconstitutional policy, practice, or custom, *see Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 658, 690-91 (1978), "Section 1983 does not apply to federal officials acting under color of federal law," *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) (citations omitted). Therefore, Plaintiff's claims against the United States, the Smithsonian and Secretary Skorton in his official capacity under § 1983 must be dismissed.

2. Claim Under *Bivens* against Secretary Skorton in his Individual Capacity

Plaintiff is no more successful if he were to raise his claims against Secretary Skorton in his individual capacity under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The only plausible theory for a claim of this nature would have Secretary Skorton held liable for the actions of a subordinate – the deputy director of OPS who signed and issued the barring notice. (*See* Compl., Ex. 1 at 2.) "A superior official cannot be held liable under Section 1983 or *Bivens* for the constitutional torts of employees under him or her; the common law theory of *respondeat superior* does not pertain to the federal government in this context." *Epps*, 575 F. Supp. 2d at 238. Nothing in the Complaint suggests that Secretary Skorton personally was involved in issuance of the barring order, and absent any showing that

Skorton himself violated Plaintiff's rights, the *Bivens* claim fails. *See Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).

## III. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's constitutional tort claims, and that the complaint fails to state claims under § 1983 and *Bivens* upon which relief can be granted. Accordingly, the Court grants Defendants' motion to dismiss. An Order is issued separately.

DATE: July 9, 2018          /s/
                                   TANYA S. CHUTKAN
                                   United States District Judge